IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRACI BAHENA,

                Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC, and
MESSERLI & KRAMER, P.A.,

                Defendants.

OPINION & ORDER

17-cv-461-jdp

---

This case arises out of a debt-collection action that defendant Messerli & Kramer, PA, filed on behalf of its client, defendant Jefferson Capital Systems, LLC, against plaintiff Traci Bahena. Bahena brings claims against defendants under the Fair Debt Collection Practices Act (FDCPA) and the Wisconsin Consumer Act (WCA). Dkt. 25. Defendants have moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim. Dkt. 31 and Dkt. 36. The court will deny defendants' motions.

BACKGROUND

The court draws the following facts from Bahena's amended complaint, Dkt. 25, documents referred to in it, and public court records, *see Jefferson Capital Systems, LLC v. Bahena*, No. 17-sc-11 (Lafayette Cty. Cir. Ct. filed January 18, 2017), and accepts them as true for the purposes of deciding defendants' motion. *Lee v. City of Chicago*, 330 F.3d 456, 459, 468 (7th Cir. 2003).

In January 2016, Bahena received a letter from Asset Recovery Solutions attempting to collect a debt owed to "Fingerhut Direct Marketing." Dkt. 25, ¶ 11. It listed Jefferson Capital

as the "current creditor." *Id.* In July 2016, Bahena received a second debt-collection letter listing Jefferson Capital as the current creditor. The second letter was from Five Lakes Agency and listed "Metabank/Fingerhut direct Mrkting" as the "original creditor." *Id.* ¶ 13. Bahena did not recognize Asset Recovery Solutions, Jefferson Capital, or Five Lakes Agency as creditors of hers. Nor did she receive notice that she was in default on any account or that she had the right to cure default.

In January 2017, Bahena was served with a summons and small claims complaint notifying her that she was being sued in Lafayette County Circuit Court by "Jefferson Capital Systems, LLC as successor in interest to Metabank c/o Messerli & Kramer PA" for $1,870.72 in credit card debt. Dkt. 34-1, at 1. The small claims complaint was signed by Jillian Walker, a Messerli attorney representing Jefferson Capital. From 2007 to the fall of 2017, Walker was listed as attorney of record in at least 11,054 cases in six Wisconsin counties. She also practices in Minnesota.

On February 6, Bahena appeared at the Lafayette County courthouse to contest the small claims complaint. At a March 6 status conference, another Messerli attorney, Peter Lawrence, told the Lafayette County judge that he planned to file a motion for summary judgment. Bahena sent discovery requests to Messerli, but never received a response. Bahena also retained a lawyer, Briane Pagel—the same attorney representing her in this matter. Pagel "notified Messerli of his appearance." *Id.* at 23. He also filed an answer and counterclaims for violation of Wisconsin Statute section 427.104(1)(j) and "unconscionable actions." Dkt. 34-3, at 12. (The document is titled "first amended answer," *id.* at 4, but there's no record of an initial answer being filed earlier.)

Messerli never filed the promised motion for summary judgment, but around the same time Pagel appeared and filed counterclaims, Messerli moved to dismiss the small claims case. The court dismissed the case with prejudice on May 3, the same day it received Pagel's filings. *See* Dkt. 34-4.

On June 14, Bahena filed this lawsuit against Jefferson Capital and Messerli asserting three causes of action. First, she claims that defendants violated § 1692e of the FDCPA by falsely representing that the debt at issue was "fully and legally accelerated" and that Jefferson had the right to file suit against her when in fact, the debt was not fully and legally accelerated and Jefferson did not have the right to file suit because it had not given her notice of her right to cure default, as required by section 425.104 of the WCA. Dkt. 25, ¶ 48. Second, she claims that the same false representations violated section 427.104(1)(j) of the WCA. Third, she claims that defendants violated § 1692e of the FDCPA by falsely representing "that an attorney was meaningfully involved in the debt collection process when . . . . [i]n fact, there was no meaningful attorney involvement." Dkt. 25, ¶ 58. She alleges that these three statutory violations caused her "emotional distress and other actual damages." *Id.* ¶ 61. Specifically, she alleges that she "was made extremely nervous and distressed at the prospect of going to court on her own" and that she "incurred travel costs and time loss from having to attend court and deal with discovery issues." *Id.*

ANALYSIS

Defendants move to dismiss Bahena's complaint for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim. On all aspects of defendants' motion, the court accepts Bahena's well-pleaded factual allegations as true and draws all reasonable

3

inference from those facts in her favor. *Lee*, 330 F.3d at 459, 468. When deciding the jurisdictional issues, the court may consider supporting evidence adduced by the parties; Bahena, as plaintiff, bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* at 468. When it comes to the arguments under Federal Rule of Civil Procedure 12(b)(6), the court does not consider supporting evidence. *Id.* at 459. The question under Rule 12(b)(6) is "simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).

The parties, attorneys, claims, defenses, and arguments in this case are substantially similar to those in *Satran v. LVNV Funding*, No. 17-cv-896 (W.D. Wis. filed Nov. 27, 2017). In fact, it appears that both cases are part of a larger feud between Bahena's attorney and Messerli. *See, e.g.*, *Whitehead v. Discover Bank*, No. 15-cv-261 (E.D. Wis. filed Mar. 9, 2015); *LoMastro v. Baxter Credit Union*, No. 17-cv-962 (W.D. Wis. filed Dec. 29, 2017). Much of the court's analysis in *Satran* applies to this case, so the court will refer to *Satran* when appropriate.

## A. Subject-matter jurisdiction

Defendants contend that the court lacks subject-matter jurisdiction because (1) Bahena lacks standing to assert her claims and (2) the *Rooker-Feldman* doctrine deprives this court of subject-matter jurisdiction over Bahena's claims. The parties' arguments concerning standing mirror those presented in *Satran*. For the same reasons, the court concludes that Bahena's allegations are sufficient to confer standing.

That leaves the *Rooker-Feldman* doctrine. *Rooker-Feldman* "prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). For the doctrine to apply, "'there must be no way for the

injury complained of by a plaintiff to be separated from a state court judgment.' *Rooker-Feldman* thus applies where the plaintiff seeks relief that is tantamount to vacating the state judgment. But if the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*." *Id.* (citations omitted) (quoting *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)); *accord Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014) ("The *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court.").

Here, Bahena does not seek to vacate the state court judgment. She claims that she was injured by defendants' representations during the state court proceeding—in other words, "independently unlawful conduct." Her alleged injuries would have occurred regardless whether she lost or won the state court case. So *Rooker-Feldman* does not apply. The court has subject-matter jurisdiction over Bahena's claims.

**B. Claim preclusion**

"Even if *Rooker-Feldman* does not bar a claim, when there is a prior state-court judgment that appears to govern the same transaction or the same issues as the later federal case, the possibility exists that *res judicata* may apply." *Mains*, 852 F.3d at 675. So the doctrine of *res judicata*, or claim preclusion, is the next line of defense: defendants contend that Bahena brought her claims in the small claims action, which was dismissed on the merits, and therefore she cannot relitigate them in this case.

To determine the preclusive effect of a Wisconsin court judgment, this court must look to Wisconsin law. In Wisconsin, "claim preclusion prevents relitigation of the same claim when: (1) there is an identity of parties or their privities in a prior lawsuit; (2) there is an identity of claims for relief that were brought, or should have been brought; and (3) a final judgment on

the merits in a court of competent jurisdiction resolved the first lawsuit." *N. Highland Inc. v. Jefferson Mach. & Tool Inc.*, 2017 WI 75, ¶ 118, 377 Wis. 2d 496, 898 N.W.2d 741 (quoting *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 28, 281 Wis. 2d 448, 699 N.W.2d 54). Defendants have "[t]he burden of proving the elements of claim preclusion." *Id.* ¶ 121.

Here, defendants have not established the second element: that Bahena "brought" or "should have brought" her claims in the small claims action. Counterclaims are permissive in Wisconsin, so "[c]laim preclusion, *standing alone*, is not a bar to a subsequent suit by a defendant who chooses not to counterclaim in the first action." *Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 23, 302 Wis. 2d 41, 734 N.W.2d 855. There is one exception to this rule: counterclaims are compulsory if "a favorable judgment in the second action would nullify the judgment in the original action or impair rights established in the initial action." *Id.* ¶ 25 (quoting *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 28, 282 Wis. 2d 582, 698 N.W.2d 738). As explained above, Bahena does not seek to vacate the small claims judgment, nor would judgment in Bahena's favor in this action nullify the small claims judgment. So defendants have not shown that Bahena "should have brought" her claims in the small claims action.

But defendants argue that Bahena actually brought her claims in the small claims action. It's undisputed that she *tried* to bring counterclaims in that case. But defendants have not established that she was successful. The court record does not indicate which happened first, but two circumstances suggest that the dismissal may have occurred before the court's receipt of the counterclaims.

First, the Lafayette County Circuit Court record does not indicate that the court received the answer and counterclaims. The record indicates only that the clerk "received

documents" on May 3. Dkt. 34-2, at 1. It's possible that those documents were the answer and counterclaims, especially considering that Messerli received the answer and counterclaims on May 3. But even if they were technically received by the clerk, they were not treated as an answer and counterclaims—there's no receipt for the counterclaim filing fee, even though a check was enclosed in the mailing. *See* Dkt. 34-3, at 2.

Second, the dismissal order indicates that the court dismissed the case with prejudice because "[t]he plaintiff moves to dismiss this matter." Dkt. 34-4. But under Wisconsin Statute section 805.04(1), a plaintiff may only voluntarily dismiss an action before a "responsive pleading or motion" is served. So the dismissal of the small claims case would only have been proper if it occurred before Bahena's answer and counterclaims were served (or before the Lafayette County court was aware that they had been served). *Cf. Kittelson v. Kittelson*, 2012 WI App 73, 342 Wis. 2d 252, 816 N.W.2d 352 (per curiam) (concluding that the trial court erred by granting the petitioner's motion for voluntary dismissal without first considering a motion for leave to file a counterclaim).

Because defendants have not shown that Bahena brought or should have brought her claims in the small claims action, claim preclusion does not apply.

## C. Service of process

Messerli contends that it was never served with the initial complaint, and because the 90 days ordinarily allowed for service of process had expired, *see* Fed. R. Civ. P. 4(m), the court must dismiss the case for insufficient service of process under Rule 12(b)(5).

"A process server's affidavit identifying the recipient and when and where service occurred is 'prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'" *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163 (7th Cir.

7

2015) (quoting *O'Brien v. R.J. O'Brien & Assocs. Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). But "[t]he affidavit of the party asserting personal jurisdiction is presumed true only until it is disputed. Once disputed, the party asserting personal jurisdiction . . . must prove what it has alleged." *Id.* at 1163–64.

It's undisputed that Bahena had some trouble serving Messerli. *See* Dkt. 12. But plaintiffs adduce a "certificate of service" signed by a deputy sheriff for Hennepin County, which indicates that Stephanie Lamphere, a Messerli attorney, was served with the "summons and complaint" on September 11, 2017. Dkt. 15. The "certificate of service" was not executed under penalty of perjury—that is, it is not a proper affidavit or declaration—so it's unclear whether a presumption of valid service is appropriate. But even if it does, Messerli has adduced sufficient evidence to dispute the presumption: Lamphere's declaration, which states that she was served with only the summons, not the complaint. Dkt. 22. Bahena attempts to rebut Lamphere's declaration with the affidavit of Taylor Chantes, a paralegal who states that the documents she mailed to the Hennepin County Sheriff for service included the complaint and that the documents she received from the Hennepin County Sheriff after service also included the complaint. Dkt. 24. The second set of documents, according to Chantes, were returned with a "stamp indicating this is what they served on the Defendants." *Id.* ¶ 5. But the stamp reads "State Process Service, Inc.," and lists the date of service as "7-25-17." Dkt. 24-2, at 1.

An evidentiary hearing would be required to resolve the dispute between this conflicting evidence before determining whether to dismiss the claims against Messerli for insufficient service of process. But under the circumstances, even if Messerli was not served with the complaint, the court would not grant its motion to dismiss. Rule 4(m) provides that "the court must extend the time for service for an appropriate period" if the plaintiff shows good cause

for failing to effect service within the 90-day time limit. Even in the absence of good cause, the court has discretion to extend the deadline. *See Henderson v. United States*, 517 U.S. 654, 662–63 n.10 (1996). Here, if Bahena did not properly serve Messerli, she had good cause for failing to do so: she reasonably relied upon a certificate of service that indicated that Messerli was served with the summons and complaint. And the court would be inclined to extend the deadline even if Bahena did not show good cause, because Messerli had actual notice of the lawsuit and there's no indication that its ability to defend would be prejudiced by an extension. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1006–07 (7th Cir. 2011) (listing factors to consider when making the "discretionary choice between dismissal and extension of time"). So the court will not dismiss the claims against Messerli under Rule 12(b)(5), and it will set a new deadline for Bahena to serve Messerli. The court encourages the parties to cooperate in this endeavor.

**D. Failure to state a claim**

Defendants contend that Bahena fails to state a claim on each of her three causes of action and move to dismiss each claim under Rule 12(b)(6). They move for leave to submit supplemental authority in support of their Rule 12(b)(6) arguments. Dkt. 44. The court will grant that motion. The parties' arguments mirror those presented in *Satran*. For the same reasons, the court will deny defendants' motions to dismiss.

ORDER

IT IS ORDERED that:

1. Defendants Jefferson Capital Systems, LLC, and Messerli & Kramer, P.A.'s motion for leave to submit supplemental authority, Dkt. 44, is GRANTED.

2. Defendants' motions to dismiss, Dkt. 30 and Dkt. 36, are DENIED.

3. Plaintiff has until July 2, 2018, to serve defendant Messerli & Kramer, P.A., with the complaint and summons in this lawsuit consistent with the requirements of Federal Rule of Civil Procedure 4.

Entered June 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge